```
                                                                  1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

       - - - - - - - - - - - - - - - - X

       UNITED STATES OF AMERICA     :     00-CR-1005 (NGG)

            -against-               :     U.S. Courthouse
                                    :
                                          Brooklyn, New York
       MICHAEL SHEFEROFSKY
       a/k/a Mikhail Sater
                                    `
                 Defendant          :
                                          June 20, 2006
       - - - - - - - - - - - - - - - - X   9:30 a.m.


       BEFORE:
                HONORABLE NICHOLAS G. GARAUFIS
                United States District Judge



       APPEARANCES:

       For the Government:       LORETTA E. LYNCH
                                 United States Attorney
                                 271 Cadman Plaza East
                                 Brooklyn, New York 11201
                                 BY:  THOMAS ALAN FIRESTONE
                                      Assistant U.S. Attorney



       For the Defendant:        MALMAN, MALMAN & ROSENTHAL
                                 4040 Sheridan Street
                                 Hollywood, Florida 33021
                                 BY:  MYLES H. MALMAN
                                      and
                                 STAHL & HORBLIT
                                 47 Maple Street
                                 Suite 206
                                 Summit, New Jersey 07901
                                 BY:  ROBERT G. STAHL
```

                        RONALD E. TOLKIN, RPR, RMR, CRR
                            OFFICIAL COURT REPORTER

U.S.A. v. MICHAEL SHEFEROFSKY                                2

1  Court Reporter:        RONALD E. TOLKIN, RPR, RMR, CRR
                          Official Court Reporter
2                         225 Cadman Plaza East
                          Brooklyn, New York 11201
3                         718-613-2647

4                    ***

5       THE CLERK: Criminal cause for sentences.

6       Counsel, please state your appearances.

7       MR. STAHL: Good morning, Robert Stall and Myles

8  Malman on behalf of Michael Sheferofsky.

9       THE COURT: Good morning.

10      MR. FIRESTONE: Thomas Firestone for the government.

11      Good morning, Your Honor.

12      THE COURT: Good morning.

13      MR. STAHL: This is Mr. Sheferofsky to my left.

14      Your Honor, we have an application due to the nature

15 of the sentencing, the cooperation and continued cooperation,

16 to seal the courtroom briefly for the purpose of this

17 sentencing and some of the descriptions of ongoing activities

18 that we would like to discuss that are pertinent to the

19 sentencing.

20      I understand that the government does not object to

21 our application.

22      THE COURT: Your application is granted.

23      MR. MALMAN: Thank you, Judge.

24      THE COURT: All right.

25      This is a sentencing proceedings for Michael

```
                    U.S.A. v. MICHAEL SHEFEROFSKY                    3

 1   Sheferofsky.
 2            Mr. Sheferofsky, are you satisfied with the
 3   assistance that your attorneys have given to you so far in
 4   this matter.
 5            THE DEFENDANT:  Yes.
 6            MR. STAHL:  You have to speak up.
 7            THE DEFENDANT:  Yes.
 8            THE COURT:  I have the following materials in the
 9   file and I have reviewed them.  There is a presentence report
10   dated August 6th, 2002.
11            MR. STAHL:  Yes, Your Honor.
12            MR. FIRESTONE:  That is correct, Your Honor.
13            THE COURT:  A letter from Mr. Stall dated June 14th,
14   2006.
15            Have you seen that?
16            MR. FIRESTONE:  Yes.
17            THE COURT:  There is a 5K.1 letter dated May 9th,
18   2006.  Has the defendant seen the presentence investigation
19   report and the 5K1 letter?
20            MR. STAHL:  Yes, he has, Your Honor.
21            THE COURT:  Have you discussed it with him?
22            MR. STAHL:  Yes, we have.
23            THE COURT:  Have you answered any and all questions
24   that he had about these documents?
25            MR. STAHL:  Yes, we have.
```

U.S.A. v. MICHAEL SHEFEROFSKY                            4

1     THE COURT:  Is there anything else that I am
2  missing?  I also have an addendum to the presentence report
3  dated June 16th, 2006, which is one paragraph.
4     Have you seen that, as well?
5     MR. STAHL:  Yes, we have a copy of that.  It is
6  unsigned but I believe it is the same.
7     THE COURT:  Is there anything else?
8     MR. FIRESTONE:  That is everything, Your Honor.
9     THE COURT:  Let me just go over the calculation of
10 the guidelines first.
11    The defendant pled guilty to a two count superceding
12 information, is that correct?
13    MR. FIRESTONE:  That is correct, Your Honor.
14    THE COURT:  The computation of the guideline is a
15 total offense level of 28.  The defendant is in criminal
16 history category two?
17    MR. FIRESTONE:  That is correct, Your Honor.
18    THE COURT:  The range of imprisonment is 87 to 108
19 months in the custody of the Attorney General.
20    MR. FIRESTONE:  That is correct, Your Honor.
21    THE COURT:  Is everyone in agreement about the
22 computation of the guidelines?
23    MR. STAHL:  Yes, Your Honor.  I noted certain
24 factors in my sentencing letter.  I think that the
25 calculations are correct.  I think there are mitigating

RONALD E. TOLKIN, RMR, CRR
OFFICIAL COURT REPORTER

```
                   U.S.A. v. MICHAEL SHEFEROFSKY                    5
```

 1  factors.
 2           THE COURT:  We will get to that.  I just need to
 3  establish the foundation from which we move.
 4           All right?
 5           MR. STAHL:  Yes.
 6           MR. MALMAN:  Yes, Judge.
 7           THE COURT:  You feel it is correct?
 8           MR. MALMAN:  Yes, Judge.
 9           THE COURT:  All right.  Why don't we move onto the
10  5K.
11           MR. FIRESTONE:  Okay, Your Honor.
12           There is one point that I would like to add.  First
13  of all just to summarize them, and I am sure that the Court
14  had an opportunity to read them.
15           THE COURT:  I read everything.  So I am aware of
16  where we are.
17           MR. FIRESTONE:  There is one point that was omitted
18  from the 5k letter that I would like to place on the record
19  now.  The reason for its omission was that although I was
20  handling this defendant's case since 2000, I was out of the
21  office on detail for two years and there is one piece of
22  cooperation that he rendered to the government that I was not
23  aware of until today.  That has to do with an investigation
24  into a significant fraud in the Green point Section of
25  Brooklyn.

U.S.A. v. MICHAEL SHEFEROFSKY                                6

1    The defendant in approximately 2003 brought to the
2    attention of the FBI a 2.1 million dollar check fraud, a
3    Medicaid check fraud, that was being perpetrated in the Polish
4    community of Greenpoint.  He brought this to attention of the
5    FBI.  He wired up against the targets of the investigation.
6         As a result of his proactive cooperation in that
7    case, two defendants were arrested.  That case in turn led to
8    other cases in the same community.  And, in fact, led to the
9    case of United States versus Kapaloosny (ph) which is before
10   Your Honor right now, a 20 defendant case.
11        THE COURT:  I got it.
12        MR. FIRESTONE:  That is a very very significant
13   piece of cooperation.
14        THE COURT:  He is responsible for my 20 defendants
15   case?
16        MR. STAHL:  No, Your Honor.
17        MR. MALMAN:  Maybe we shouldn't have said anything.
18        MR. FIRESTONE:  He gets credit for that.
19        THE COURT:  All right.
20        So that you are adding that to the mix?
21        MR. FIRESTONE:  That is correct.  That is something
22   else that he should get credit for.
23        Then the only other point that I would just
24   highlight orally, is that to the extent that his cooperation
25   was not more productive it was largely the result of the fact

U.S.A. v. MICHAEL SHEFEROFSKY                                     7

that he was out of the game, so to speak, by the time that he was arrested. It was that a new generation had come to the floor by the mid 90's. So a lot of Mr. Sheferofsky's information was historical. Although it was valuable as historical intelligence, a lot of the targets of these investigations were dead or out of the country or already in prison on other things or the statute of limitations had run. There wasn't as much that we could do with it. We could have done more had we gotten him earlier and had he cooperated earlier.

  THE COURT: Is Sheferofsky a pseudonym?

  MR. FIRESTONE: I understand that is his given name but Sater is the pseudonym, but I will let the defendant explain for himself.

  MR. STAHL: Sater is the Americanized version of Sheferofsky when he immigrated, Your Honor. Sheferofsky is the correct name.

  THE COURT: He is known by the name Sater and not by the other name?

  MR. STAHL: He is known by both.

  MR. MALMAN: In the Russian community he is known by Sheferofsky and the Americanized version is Sater. In his relationships with American people it is Sater.

  MR. FIRESTONE: We identified him as Sheferofsky in all of the court documents because that was the name under

U.S.A. v. MICHAEL SHEFEROFSKY 8

1 which he was always identified by law enforcement in
2 connection with the investigation.
3       THE COURT: Let's see. First of all, let me say
4 that a sentence within the guideline range is a reasonable
5 sentence for the crimes to which this defendant pled guilty.
6 So we resolved step one of the Crosby process.
7       Now we need to move onto step two. Would you like
8 to speak to step two --
9       MR. STAHL: Yes.
10       THE COURT: Which is for me to determine whether the
11 sentence should be based upon everything in the record here.
12       MR. STAHL: Yes, Your Honor.
13       I think what I would like to highlight, Your Honor,
14 is that Mr. Sheferofsky was charged in a conspiracy that
15 spanned from 1990 to 1999. By the time the government came
16 along, Mr. Sheferofsky had already voluntary withdrawn from
17 his prior activities. There is no doubt and we knowledge that
18 health was part of the reasons but the other significant part
19 was a change of life. Mr. Sheferofsky is now 61. He has five
20 grandchildren. He fortunately has a very supportive family.
21 For someone that got involved in doing the things that have
22 been described in the Russian community mainly he regrets
23 that. And to that end determined rather early on in the game
24 to assist the government, not only to help himself but also to
25 make amends for what he had done.

U.S.A. v. MICHAEL SHEFEROFSKY                         9

1    The two offenses that he pled to I think we need to
2    describe for a brief moment.  They were described in black and
3    white detail in the PSR which was done back in 2002 because
4    Mr. Sheferofsky has been actively cooperating since the year
5    2000 and continues to, and has pledged to continue to
6    cooperate with the United States including testimony if any
7    required at any trials.
8         The first one, of course, is the extortion.  The one
9    that I would like to focus on is the extortion of Vladimir
10   Krechmar that included the "kidnapping".  There is no doubt it
11   falls within the definition under Title 18 of kidnapping, but
12   what we have here is someone that was a criminal himself,
13   Vladimir Krechmar.  He had stole $750,000 from a group of
14   investors.  Which was threatening not only their financial
15   stability but also their personal safety.  Mr. Sheferofsky and
16   others knew Vladimir Krechmar.  He was the heroin addict.  He
17   had done something foolish.  They did pick him up off the
18   street and they did hold him.  He did make arrangements to
19   wire transfer the money back so the investors would not be
20   out.
21        After the wire transfer they paid for and placed him
22   in an expensive rehab center in Long Island, New York.  When
23   he was completed with his rehab and drug free, Mr. Krechmar's
24   own father met with Mr. Sheferofsky and others and determined
25   that the best place for him to try to stay out of trouble,

U.S.A. v. MICHAEL SHEFEROFSKY                                          10

both with drugs and criminal activity, would be to Israel. They paid for his way to Israel and continued to financially support him, both the father and Mr. Sheferofsky, for almost a year thereafter.

The only reason Mr. Krechmar is not here today to testify on behalf of Mr. Sheferofsky in sentencing, is he is unfortunately in trouble again and is in prison.

That is the circumstances --

THE COURT: Where is he in prison?

MR. STAHL: I will find out.

Where is Mr. Krechmar in jail?

MR. STAHL: New York State, Your Honor.

THE COURT: Okay.

MR. STAHL: That doesn't excuse the conduct but I think it explains and goes a long way to put it in perspective.

As far as Mr. Sheferofsky's cooperation the government has detailed it in its 5K letter. And, of course, this morning through no-fault of Mr. Firestone, it is more my fault because of the length of time Mr. Sheferofsky was cooperating there is a very significant piece of information is put on the record to be included for Your Honor's consideration.

THE COURT: Okay.

MR. STAHL: That is something that the FBI and the

RONALD E. TOLKIN, RMR, CRR
OFFICIAL COURT REPORTER

1  U.S. Attorney's Office has been very please with.  In fact the
2  FBI through ^ Special Agent Andre Cicero, who is seated -- who
3  is standing for Your Honor, is here not as a witness as the
4  FBI sometimes does as a case agent to report the statistics,
5  but here to support of Mr. Sheferofsky.  If Your Honor had any
6  questions about any cooperation he would answer it to the best
7  of his ability.
8          THE COURT:  Okay.
9          MR. STAHL:  So Mr. Sheferofsky cooperated from 2000
10 to the present.  He is continuing to cooperate.  He did so as
11 I pointed out in our sentencing memorandum to the detriment of
12 his health.  That is in two ways.  One is, obviously, the
13 people that he wore a body recorder against are not the most
14 safe individuals in this area.  So that if he was discovered
15 doing this his life would be at risk.
16         Also his continuing health problems.  He has been in
17 and out of the hospital but he continues whenever he was out
18 of the hospital to cooperate as much as he could proactively
19 as opposed to just the vast amount of historical information
20 that Michael has continued to give.  Including up to several
21 weeks ago we met with Mr. Firestone and several FBI agents
22 just to go through some things of particular interest again to
23 the government.
24         As for his health, obviously, it is laid out in the
25 doctors records we also supplied.  We detailed the doctors'

1   documents back in 2002 to probation so we did not include them
2   in our sentencing memorandum to Your Honor, but it would not
3   be hyperbole to say that Mr. Sheferofsky health is very poor
4   from heart problems to his bouts with cancer, his continuing
5   monitoring for both of those ailments.  To add to that his
6   psychological depression and the alcohol consumption based
7   upon a factor in his upbringing and cultural issues and what
8   has been going on lately in his life.
9              What I think is just as important is the
10  rehabilitation aspects that Mr. Sheferofsky had withdrawn from
11  criminal activity.  He understands what he did.  He accepted
12  responsibility, he move forward, he assisted the government.
13             I think what that does is that gives court a window
14  of what the current person that stands before you is about.
15  Mr. Sheferofsky was arrested in 2000.  He has been not only
16  crime free and living a law abiding life since then, which is
17  a significant period of time for the court to take some
18  comfort that this will not happen again, but he has been
19  assisting the government.  Talking with the Assistant U.S.
20  Attorney, and having been one myself, one of the concerns that
21  everyone looks at is is there any concern that this individual
22  will recidivate and get involved in crime again.  I don't
23  think that the government has any doubt that Mr. Sheferofsky
24  will continue to live a law abiding life and continue to be a
25  productive member of society, and continue to assist the

1  United States to the extent they are willing to accept the
2  cooperation and it is something significant.  Based upon that
3  I don't believe that the government objects at all to what we
4  are asking for which is a non-custodial sentence, Your Honor.
5           Lastly, I would just say that given his age, his
6  health, his rehabilitation that this is a person that is
7  suited for what we are asking.  That is a significant
8  departure down to a non-custodial sentence.  I think that and
9  I won't repeat what is in the memorandum but that is why I
10 raised the issues of how the guidelines obviously it is a
11 reasonable range but how they are skewed in this particular
12 instance based upon a 25 year old conviction and the numbers
13 of points that are included.
14           THE COURT:  Does the government have anything to add
15 to what is already written and said?
16           MR. FIRESTONE:  No, Your Honor.
17           We don't take a position, obviously, on what
18 sentence the Court should impose.  I agree with Mr. Stall that
19 we have no reason to believe that the defendant would go back
20 into criminal activities.  He has been out of it for quite
21 sometime.
22           THE COURT:  Is there any restitution here?
23           MR. FIRESTONE:  No.  I believe that is addressed in
24 the addendum to the --
25           THE COURT:  Let me just take a look.

U.S.A. v. MICHAEL SHEFEROFSKY 14

1     THE COURT: You agree with Probation?

2     MR. FIRESTONE: Yes, absolutely.

3     THE COURT: I just needed to cover that. Since this
4 case deals with an extortion restitution is often part of the
5 sentence.

6     MR. FIRESTONE: It would be except for the fact as
7 indicated in the probation report, the victims are either
8 unidentifiable, dead or were extorted of money which was
9 itself the proceeds of criminal activity.

10     THE COURT: All right.

11     Mr. Sheferofsky, is there anything that you would
12 like to say before I sentence you?

13     THE DEFENDANT: Yes.

14     THE COURT: Please.

15     THE DEFENDANT: Honorable Judge, I am very sorry for
16 all my life. I apologize to the government, to you, to my
17 family. I never go back to criminal activity. This was a
18 mistake in my life.

19     I grew up in a tough country. My grandfather was
20 shot like he was fighting the communism. I don't know, but I
21 think if you give me a chance, don't go in jail, I think I
22 will be a good citizen. I am really sorry is what I am
23 saying. I am sorry.

24     THE COURT: Thank you. All right.

25     Are you ready to be sentenced?

1  THE DEFENDANT: Yes, sir.

2  THE COURT: Well, I have considered all of the
3  factors under Section 3553(a) of Title 18 of the United States
4  Code in reaching my determination as to the sentence.

5  I have considered the government's submission of the
6  motion pursuant to 5K1.1 of the sentencing guidelines. I
7  grant the motion to sentence below the guideline range and any
8  applicable statutory minimum.

9  I am going to sentence the defendant as follows:

10  On counts one and two of the superceding information
11  in which he is charged. The sentence is as follows.

12  Three years probation. A full financial disclosure
13  to the Probation Officer.

14  The defendant shall participate in substance abuse
15  treatment with a treatment provider selected by the Probation
16  Department if the Probation Department deems such treatment to
17  be advisable. The treatment may include outpatient or
18  residential treatment as determined by the Probation
19  Department.

20  The defendant shall abstain from all illegal
21  substances and or alcohol.

22  The defendant shall contribute to the cost of any
23  services rendered by a co-payment in an amount to be
24  determined by the Probation Department based on the
25  defendant's ability to pay and or the availability of a third

1  party payment.

2         The defendant shall participate in a mental health
3  treatment program as required and directed by the Probation
4  Department and contribute to the cost of those services
5  rendered or any psychotropic medications prescribed by a
6  co-payment or full payment in an amount to be determined by
7  the Probation Department, based upon the defendant's ability
8  to pay and or the availability of third party payments.

9         If the defendant is deported -- is the defendant a
10 U.S. citizen?

11        MR. FIRESTONE:  He is a green card holder.

12        THE COURT:  If the defendant is deported he may not
13 reenter the United States illegally.

14        There is a $150 special assessment which is
15 mandatory, that is $75 per count.

16        Any period of supervised release has as a special
17 condition a prohibition on the possession of a firearm.

18        You have the right to appeal your sentence with the
19 United States Court of Appeals for the Second Circuit if you
20 believe the Court has not properly the law in sentencing you.
21 The time to appeal is extremely limited.  Therefore, you
22 should discuss with your attorneys whether an appeal would be
23 appropriate in this case.

24        Does the government have anything else?

25        MR. FIRESTONE:  No, Your Honor, that is all.

U.S.A. v. MICHAEL SHEFEROFSKY 17

1 THE COURT: Does the defense?

2 MR. STAHL: No, Your Honor.

3 MR. MALMAN: No, Your Honor.

4 THE COURT: Are you moving to seal the record?

5 MR. STAHL: Yes, Your Honor.

6 MR. MALMAN: Yes, Your Honor.

7 MR. FIRESTONE: There is no opposition.

8 THE COURT: The motion is granted.

9 Good luck to you.

10 (Matter Concluded.)

RONALD E. TOLKIN, RMR, CRR
OFFICIAL COURT REPORTER